

FILED

May 10, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:33 PM



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| Bonnie Brown,<br>    Employee,<br>v.<br>Whole Foods Markets, Inc.,<br>    Employer,<br>And<br>Ace American Ins. Co.,<br>    Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2016-01-0139<br><br>State File No.: 58807-2015<br><br>Judge Thomas Wyatt |

## ORDER DENYING EXPEDITED HEARING REQUEST FOR DISCOVERY
### *(Review of the File)*

This case came before the undersigned Workers' Compensation Judge on May 6, 2016, upon the Request for Expedited Hearing filed by the employee, Bonnie Brown, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Brown requested the Court render its decision based upon a review of the file without an evidentiary hearing. (T.R. 3 at 1.)

Ms. Brown filed her Request for Expedited Hearing on April 12, 2016, accompanied by the affidavit of her attorney, Ronald J. Berke. (T.R. 3, 4.) Mr. Berke's affidavit states, "I have filed a Request for an Expedited Hearing regarding my [client's] Petition for Benefit Determination request seeking discovery documents in this matter." (T.R. 4 at 1.) Later in his affidavit, Mr. Berke avers that the Court need not conduct a hearing on Ms. Brown's Request for Expedited Hearing because it "pertains solely to discovery issues." *Id.* For the reasons set forth below, the Court finds Ms. Brown cannot obtain the relief requested through a Request for Expedited Hearing.

### History of Claim

Ms. Brown is a fifty-seven-year-old resident of Whitfield County, Georgia. (T.R. 1 at 1.) On February 29, 2016, she filed a Petition for Benefit Determination (PBD) alleging she sustained a compensable spinal injury on July 22, 2015, when she picked up a heavy box in the course and scope of her employment as a food preparer for the

1

employer, Whole Foods Markets, Inc. (Whole Foods). (T.R. 1-2.) In her PBD, Ms. Brown described the disputed issues between the parties as "Employer has not provided Employee a proper panel of back specialists/neurosurgeons. Employer has also failed to provide Employee's counsel with requested documents." (T.R. 1 at 1.)

The mediating specialist assigned to the claim issued a Dispute Certification Notice on April 7, 2016, upon the failure to achieve a mediated resolution of the parties' disputes (T.R. 2.) On April 12, 2016, Ms. Brown filed her Request for Expedited Hearing accompanied by the affidavit of her attorney, Ronald J. Berke. (T.R. 3, 4.) Mr. Berke's affidavit states that Ms. Brown's Request for Expedited Hearing addresses only discovery issues.[1] Ms. Brown asks the Court to decide the undesignated discovery issues upon a review of the file without an evidentiary hearing. Whole Foods did not respond to Ms. Brown's Request for Expedited Hearing.[2]

## Findings of Fact and Conclusions of Law

The Tennessee Workers' Compensation Law does not permit Ms. Brown to address discovery disputes through a Request for Expedited Hearing. Tennessee Code Annotated section 50-6-239(d)(1) (2015) permits a workers' compensation judge to "hear disputes over issues provided in the dispute certification notice *concerning the provision of temporary disability or medical benefits* on an expedited basis[.]" (Emphasis added.) Alternatively, Section 50-6-239(e) (2015) provides that "[a]ll discovery disputes . . . shall be adjudicated upon the review of written motions and affidavits."

Tennessee Code Annotated section 50-6-239(c)(1) (2015) provides that "[t]he . . . Tennessee Rules of Civil Procedure shall govern proceedings at all hearings before a workers' compensation judge unless an alternate procedural . . . rule has been adopted by the administrator." Both the Rules of Civil Procedure and the Bureau's Mediation and Hearing Rules provide for discovery in a workers' compensation claim by the use of interrogatories[3] and depositions.[4] The Rules of Civil Procedure provide for the use of requests for production of documents and requests for admissions, among other discovery devices.

---

[1] Mr. Berke's affidavit did not identify the records or information Ms. Brown seeks, nor does it state whether he previously propounded discovery on Whole Foods seeking the requested records/information. (Ex. 4.)

[2] At the time the Court issued this order, no attorney had made an appearance on behalf of Whole Foods.

[3] Tennessee Compilation Rules and Regulations 0800-02-21-.16(4)(b) (2015) provides that a party is not required to answer interrogatories until after the Court schedules discovery guidelines in an Initial (Scheduling) Order. However, the rule also gives the Court authority to order a party to answer interrogatories at an earlier stage of the claim. The Court urges the parties to agree to the reasonable exchange of written discovery without the Court's intervention, but will address any discovery motion filed by a party.

[4] The parties should review Tennessee Compilation Rules and Regulations 0800-02-21-.16(5) pertaining to the use of depositions for discovery in a workers' compensation claim.

2

Ms. Brown should engage in the discovery procedures available under the applicable rules to obtain the information she seeks. If Whole Foods fails to provide appropriate responses to discovery requests that Ms. Brown properly propounded under applicable procedural rules, she may file a motion asking the court to compel discovery. Upon the filing of a discovery motion, the Court will address the issues between the parties within the parameters of the applicable procedural rules.

**IT IS, THEREFORE, ORDERED:**

1. Ms. Brown's Request for Expedited Hearing is denied because she limited the relief sought therein to an attempt to obtain discovery.

2. This matter is set for a Status Conference on June 7, 2016, at 9:00 a.m. Eastern Time. The parties shall call in to 855-747-1721 (toll-free) or 615-741-3061 to participate.

**ENTERED this the 10th day of May, 2016.**

**Thomas Wyatt, Judge**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 855-747-1721 (toll-free) or 615-741-3061 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

Technical record:

1. Petition for Benefit Determination, filed February 29, 2016;
2. Dispute Certification Notice filed April 7, 2016;
3. Request for Expedited Hearing, filed April 12, 2016; and
4. Affidavit of Ronald J. Berke, accompanying filing of Request for Expedited Hearing on April 12, 2016.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Ronald J. Berke, Attorney | | | X | Ronnie@berkeattys.com; margo@berkeattys.com |
| Whole Foods Markets, Inc., c/o Sheila Dargan claim representative for Gallagher-Bassett | | | X | Sheila_dargan@gbtpa.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5